## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Roger Nichols, an individual; and Three Eagles Music, a Division of Roger Nichols, Inc. | ) ) ) ) ) | Case No.    1:16-CV-220 |
| 354 NE Dekalb Avenue, Suite 100 Bend, OR 97701 | ) ) ) ) ) | |
| *Plaintiff,* | ) ) ) | **COMPLAINT FOR:** **(1) COPYRIGHT INFRINGEMENT; AND** |
| v. | ) ) | **(2) VIOLATION OF THE LANHAM** |
| Club For Growth Action, a *Super Political Action Committee* | ) ) ) | **ACT § 1125(a)-FALSE ASSOCIATION OR ENDORSEMENT** |
| 2001 L St NW #600 Washington, DC 20036 | ) ) ) | |
| *Defendant.* | ) ) ) | |

## COMPLAINT

Plaintiffs Roger Nichols ("Nichols") and Three Eagles Music, a division of Roger Nichols Music, Inc., ("Three Eagles Music") (collectively "Plaintiffs") bring this complaint against Club for Growth Action, a conservative super political action committee, and allege as follows:

## INTRODUCTION

1.       This action arises out of the theft by Defendant Club for Growth Action (the "Club") of Nichol's well-known and valuable song *Times of Your Life* (the "Composition"). Defendant's infringing conduct is unauthorized, willful, and damages not only the Composition,

but its well-known composer.  The use was particularly egregious because the Club, acting out of its desire to draw attention to its political agenda, hijacked the Composition – a sweet and melancholy song about cherishing the moments of one's life – to make a derivative work that was a bitter attack advertisement.  In particular, the Club made a concerted effort to draw an association between the Composition and its well-known composer, on the one hand, and the Club and its positions, on the other hand, by using a singer that was clearly impersonating the style of Paul Anka, the world-famous singer who performed the most well-recognized version of the Composition, to mimic the original recording.  The Club then used this recording to produce and distribute an audiovisual commercial featuring Nichols' song (the "Commercial"), not to comment on or criticize the Composition in any way, but simply to freeride on the recognizable nature and fame of the Composition in order to draw attention to the Club's attack on Russell Dana "Russ" Feingold, a Democrat from Wisconsin running for a seat in the United States Senate.

2.      The infringing Commercial was posted on YouTube and aired on broadcast and cable stations throughout Wisconsin.  The Club, also, publicized its political efforts through multiple media outlets, such as Politico, Right Wisconsin, Facebook and many others, despite not obtaining a license or otherwise receiving (or even seeking) permission for the use of the Composition in the Commercial, as required by the United States Copyright Act and the Lanham Act.  In making and distributing the Commercial on television and on the Internet, the Club has willfully and intentionally appropriated and/or violated Plaintiffs' exclusive rights.

3.      The Composition is also associated with Nichol's identity, persona, and professional reputation.  In making and distributing the Commercial, the Club has willfully, intentionally and falsely associated Nichols, and his well-known song that is uniquely associated with him, in a political attack ad.  Such close identification of Nichols with the Club and its political affiliations and positions is an egregious, intentional, and false association that must be stopped.

4.      Plaintiffs, who are careful about how the Composition is used, particularly whether the Composition can be associated with a political issue, selectively license their exclusive copyrights.  They did not authorize the Club to use their copyrighted musical work.  They do not endorse the Club or its political views, and would not typically wish their work to be associated with a political cause or organization such as the Club for Growth, its affiliates, or any of the campaigns or controversies it might be associated with or campaigns it seeks to denigrate, without obtaining prior approval and a substantial licensing fee to offset the potential harm to future licensing opportunities for the Composition, as a result of such use.

5.      In bringing this action, Plaintiffs seek (1) a declaration that the Club has infringed on his rights under the Copyright Act 17 U.S.C. §101 *et seq*. and the Lanham Act, 15 U.S.C. §1051 *et seq*.; (2) preliminary and permanent injunctive relief to halt the Club's continuing violation of Plaintiff's intellectual property rights; (3) damages; and (4) attorneys' fees and costs.

## PARTIES

6.      Plaintiff Roger Nichols is a composer and songwriter.  He is a resident of Bend, Oregon.

7.      Plaintiff Three Eagles Music, a Division of Roger Nichols Music, Inc. is an Oregon corporation.

8.      Defendant Club for Growth Action, is a super political action committee, located in Washington, DC that seeks to influence political decisions in virtually every one of the United States.

## JURISDICTION

9.      This action arises under the Copyright Act 17 U.S.C. §101 *et seq*. and the Lanham Act, 15 U.S.C. §1051 *et seq*.

10.     This Court has original "federal question" subject matter jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a) and (b) and diversity jurisdiction under 28 U.S.C. §1332(a)(1) and §1367(a).  This action is between citizens of different states and the amount in controversy exceeds $75,000.00.

11.     This Court has personal jurisdiction over the Club.  Personal jurisdiction is proper under Fed. R. Civ. Proc. 4.  The Club has asserted in prior court filings that its headquarters are located in the District of Columbia and all of its political operations throughout the United States emanate from this district.  Moreover, this action was originally filed in the Central District of California and counsel for the Club represented that it agreed that prior action could be allowed to be voluntarily dismissed without prejudice and re-filed in this District, where personal jurisdiction would be appropriate.

**FACTUAL BACKGROUND**

12.     Three Eagles Music, a division of Roger Nichols Music, Inc. owns the copyright to the musical composition *Times of Your Life*, which has been registered with the United States Copyright Office, registration number EU599114.

13.     Nichols, a successful composer and songwriter, is the well-known composer of many beloved songs recorded by popular award-winning artists such as The Carpenters, Three Dog Night, Paul Anka, Barbra Streisand, Art Garfunkel, Ann Murray, and Johnny Mathis. Nichols' music has been recorded by over 5,000 artists worldwide.  He has co-written many songs with famed lyricist Paul Williams, a Grammy award winning songwriter, including *We've Only Just Begun*, *Rainy Days and Mondays*, *I Won't Last A Day Without You* and *Let Me Be The One*.  Nichols has three gold records, two Grammy nominations, and one Emmy nomination to his credit and he was inducted into the Grammy Hall of Fame in 1998 in recognition of his recordings "of lasting quality or historical significance."  Over the span of his career, his music has been featured in both television and film, reaching audiences around the world for nearly 50 years. An extensive list of his musical credits can be found on IMDb.com.

14.     *Times of Your Life* is one of Nichols' most famous and easily recognized musical compositions. As its composer, Nichols is uniquely and intimately associated with *Times of Your Life*.  Recorded in 1975 by singer Paul Anka, the single quickly became a hit in the United States.  The song reached number one on the *Billboard* Easy Listening chart, number seven on the *Billboard* Hot 100 chart, and remained on the "Top 40" list for 12 weeks in 1976, resulting in

a Gold Record for Paul Anka.  The song was further popularized by Kodak in its "This Old House" commercial, one of its most iconic commercial advertising campaigns during the 1970s. The lyrics of the Composition's chorus ("Remember? Do you remember?") are distinct and easily recognizable as the tune from the Kodak commercials of that decade.

15.    As such, *Times of Your Life* is considered a 70's classic and is associated with a certain type of retrospective and sentimental feeling.  It is a song meant to evoke nostalgia and positive emotion.  Most recently, the cable television network AMC used the song as the soundtrack for the series finale trailer of the Emmy Award winning show *Mad Men,* setting a montage of the series' most memorable moments to the Composition.  The *Mad Men* finale trailer sparked wide discussion by critics and fans online.  The Composition was the subject of many articles reviewing the song's significance as it relates to the show, including reviews in online media outlets such as *Variety*, *The Wall Street Journal*, and Bustle.com.

16.    At no time has the Club obtained, or attempted to obtain, a license, authorization, or other permission to use or exploit *Times of Your Life* in the manner described herein, or to capitalize on Nichols' reputation as a songwriter for the purpose of promoting their political agenda.  In fact, Nichols has never licensed his works to support any type of political causes or organizations.  Nichols has specifically worked to create a professional reputation and legacy that is held in high regard and free from controversy.

17.    On or about September 22, 2015, the Club began its unauthorized use of the Composition in an attack ad against former Democratic Senator Russ Feingold. The Club used a recorded version of the Composition with altered lyrics criticizing Feingold's past voting record on certain controversial political issues.

18.    The entirety of the 30-second Commercial's music is set to the musical orchestration and lyrical melody of the Composition.  The singer featured in the Commercial is clearly imitating the sound of Paul Anka, who is uniquely associated with having performed the Composition. The Club's sole alteration to the Composition is some of the song's lyrics, which specifically comment on Feingold's political record.

19.     At the conclusion of the Commercial, with the recording of the Composition still playing, a standard campaign ad notice appears which states "Club for Growth Action is responsible for the content of this advertising. Paid for by Club for Growth Action" even though no payment has been made to, nor permission sought from, Plaintiffs for the music in the Commercial.

20.     On or about September 22, 2015, the Club launched a $700,000 ad buy against Feingold, purchasing a significant amount of airtime for the Commercial to be shown on broadcast and cable stations throughout Wisconsin.  The Club also distributed the Commercial by posting it on the Internet video sharing platform YouTube.  Since then, a variety of Internet websites such as Politico.com have brought further attention to the ad by writing articles about and sharing the link to the Commercial on YouTube, which has nearly 23,000 views as of November 5, 2015. The Club's website Clubforgrowth.org, its Facebook.com page, Twitter.com page, and other social media platforms have also directed viewers to the Commercial and to other attack ads produced by the Club that the Club places on YouTube.

21.     The Club's unauthorized and wholesale appropriation of the Composition's orchestration and lyrical melody, along with some of the lyrics take from the very heart of the original work, capitalizing on the public's familiarity with the tune solely to further the Club's political agenda and purposes.  The purpose and nature of the copying is not educational or historical in any way.  The Commercial's use of the music and lyrics of the Composition does not comment or criticize the style, technique, genre, or subject matter of the original work, but instead attacks Feingold in order to portray him in a negative light to the general public. Viewers accessing the Commercial on YouTube or watching it on television could easily conclude that the Composition was used with Nichols' permission, even though it was not. Viewers might also conclude that Nichols' is a political supporter of the Club, even though he is not, or that Nichols has expressed a position adverse to Russ Feingold, which he has not.

22.     Nichols does not wish to have his creative work used by the Club in its political attack ads or in any other way.  He does not want the public to believe he might be associated

with or endorse the Club or its social and political views.  He does not want to become associated with any controversy surrounding the Club or any political races the Club may become involved in.  Any further exploitation of the Composition in the above-described manner will cause Nichols' creative work to become associated with the Club in the public mind, an association which is patently false and misleading.  Had permission been sought, Nichols would have considered options to alleviate his concerns about the use (e.g. a disclaimer) and would have sought a significant licensing fee to offset the fact that the use could substantially harm further licensing opportunities.

23.      Plaintiffs derive income and economic value from licensed uses of their copyrighted musical compositions.  The association of Nichols or his Composition with the Club or any other related political controversies will make his works less attractive to be licensed for other legitimate, income-producing purposes, such as for use in film or television.

24.      Plaintiffs have been irreparably harmed by the Club's infringing actions and will continue to be so harmed if the Club is not enjoined from further using and exploiting *Times of Your Life*.  The Club should therefore be enjoined from engaging in any further conduct that falsely suggests any support or association between Plaintiffs and their creative works, on the one hand, and the Club, on the other.

## FIRST CAUSE OF ACTION

### (Direct Copyright Infringement)

25.      Plaintiffs reallege and incorporate each and every allegation set forth in paragraphs 1 through 29 as though fully set forth herein.

26.      The Club's unauthorized reproduction of, preparation of a derivative work based upon, distribution to the public of, and public performance of Three Eagles Music's copyrighted Composition in the Commercial infringes on Three Eagles Music's exclusive rights in violation of the Copyright Act, 17 U.S.C. §101 *et seq*.

27.      Each unauthorized reproduction, derivative work, distribution to the public of, and public performance of Three Eagles Music's copyrighted Composition constitutes an

individual act of infringement of Plaintiffs' exclusive rights in violation of the Copyright Act, 17 U.S.C. §101 *et seq.*

28.     The Club's conduct has been, and continues to be, intentional, willful, and with full knowledge of Three Eagles Music's copyright interests and the infringement thereof.

29.     The foregoing acts by the Club constitute willful, direct infringement of Three Eagles Music's exclusive rights in the Composition.

30.     Pursuant to 17 U.S.C. §504(c), as a direct and proximate result of the Club's infringement of Three Eagles Music's exclusive rights, Three Eagles Music is entitled to recover statutory damages in the maximum amount for the work infringed. Alternatively, at Three Eagles Music's election, pursuant to 17 U.S.C. §504(b), it is entitled to recover actual damages, in an amount to be  proven at trial but which is estimated to exceed $1,000,000.

31.     The Club is causing, and unless enjoined by the Court, will continue to cause, irreparable harm to Three Eagles Music for which it has no adequate remedy at law.

32.     Three Eagles Music is further entitled to attorneys' fees and full costs pursuant to 17 U.S.C. §505, and prejudgment interest according to law.

## SECOND CAUSE OF ACTION

### (Federal Trademark Infringement – False Association or Endorsement)

33.     Plaintiffs reallege and incorporate each and every allegation set forth in paragraphs 1 through 37 as though fully set forth herein.

34.     Nichols is a famous singer and songwriter.  The well-known hit song *Times of Your Life* is uniquely associated with Nichols and suggests Nichols identity and persona in the mind of the public.

35.     The Club's use of the Composition in connection with the Commercial was in commerce, specifically for campaign, publicity, and to encourage donations in the furtherance of the Club's political interests.

36.     The Club knew or should have known that the unauthorized use of the Composition and Nichols' identity by incorporating a well-known song associated with him in

their Commercial, was likely to cause confusion or mistake by the public regarding whether Nichols has endorsed, is affiliated, connected to, or associated with, or has approved of the message and content of the Commercial and/or the Club, in violation of the Lanham Act, 15 U.S.C. §1125 (a).

37.     Due to the Club's unauthorized use of Nichols' identity and persona through the use of his Composition in the Commercial, Nichols has suffered damages and will continue to suffer damages.

38.     The Club's conduct has been and continues to be intentional, willful, and with full knowledge of the violation of Nichols' rights.

39.     The Club is causing and, unless enjoined by the Court, will continue to cause, Nichols irreparable harm for which he has no adequate remedy at law.

40.     Nichols is further entitled to attorney' fees and full costs pursuant to 15 U.S.C. §1117, and prejudgment interest according to law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

## FIRST CAUSE OF ACTION

1.   For a declaration that:

    (a)  through its conduct, the Club has willfully and directly infringed the copyright in the musical work *Times of Your Life* by their unauthorized reproduction off, creation of a derivative work based upon, and distribution to the public in violation of Three Eagles Music's exclusive rights under 17 U.S.C. §101 *et seq.*;

    (b)  through its conduct, the Club has willfully and contributorily infringed the copyright in the musical work *Times of Your Life* by the Club's unauthorized reproduction of, creation of a derivative work based upon, and distribution to the public in violation of Three Eagles Music's exclusive rights under 17 U.S.C. §101 *et seq.*;

(c)  through its conduct, the Club has willfully and vicariously infringed the copyright in the musical work *Times of Your Life* by the Club's unauthorized reproduction off, creation of a derivative work based upon, and distribution to the public in violation of Three Eagles Music's exclusive rights under 17 U.S.C. §101 *et seq*.;

2.  For a preliminary and permanent injunction enjoining the Club and its agents, servants, employees, officers, attorneys, successors, licensees, partners, and assigns, and all persons acting in concert with them:

   (a)  from all further infringing conduct in connection with the Composition and/or the Commercial;

   (b)  from all further infringement of any copyrighted musical work owned or controlled by Plaintiffs; and

   (c)  requiring removal of the Commercial from all places where it has been stored and/or made available and destruction of any and all copies of the Commercial;

3.  For an award of statutory damages to Three Eagles Music pursuant to the Copyright Act in the amount of $150,000 for the willful infringement of Three Eagles Music's work *Times of Your Life*, or at Three Eagles Music's election, actual damages and profits as permitted under the Copyright Act, in an amount to be determined at trial;

4.  For prejudgment interest according to law;

5.  For an order awarding Three Eagles Music its attorney fees, together with the costs and disbursements of this action; and

6.  For such other relief as the Court deems just and proper.

## SECOND CAUSE OF ACTION

1.    For a declaration that:

(a)    through its conduct, the Club improperly used Nichols' identity and persona by creating the false impression that Nichols has endorsed, is affiliated, connected to or

associated with, or has approved of the message and views of the Commercial or he Club, in violation of the Lanham Act, 15 U.S.C. §1125 (a).

2.      For a preliminary and permanent injunction enjoining the Club and its agents, servants, employees, officers, attorneys, successors, licensees, partners, and assigns, and all persons acting in concert with them:

        (a)      from all further unlawful conduct in connection with the Commercial and/or the Composition;

        (b)      from improperly suggesting or implying an association with Nichols or his creative works in violation of the Lanham Act, 15 U.S.C. §1125 (a);

        (c)      requiring removal of the Commercial from all places where it has been stored and/or made available and destruction of any and all copies of the Commercial;

3.      For an award of the Club's profits and damages according to proof, for their violations of the Lanham Act, 15 U.S.C. §1125 (a), in an amount to be determined at trial;

4.      For prejudgment interest according to law;

5.      For an order awarding Nichols his attorney fees, together with the costs and disbursements of this action; and

6.      For such other relief as the Court deems just and proper.

//

//

//

//

//

//

//

//

//

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs Roger Nichols and

Three Eagles Music, a division of Roger Nichols Music Inc., demand a trial by jury on all issues

so triable in this action.


Respectfully Submitted


Date:  February 10, 2016

Of Counsel:

Lincoln D. Bandlow, Esq.
Rom Bar-Nissim, Esq.
**FOX ROTHSCHILD LLP**
1800 Century Park East
Los Angeles, CA 90067
Telephone:  (310) 598-4150
Facsimile:  (310) 556-9828
lbandlow@foxrothschild.com
rbar-nissim@foxrothschild.com

/s/ K. Edward Raleigh  (1013444)
Jeff E. Schwartz, Esq.
DC Bar No. 442804
K. Edward Raleigh, Esq.
DC Bar No. 1013444
**FOX ROTHSCHILD LLP**
1030 15th Street, N.W.
Suite 380 East
Washington, DC 20005
Telephone:  (202) 696-1479
Facsimile:  (202) 461-3102
jeschwartz@foxrothschild.com
keraleigh@foxrothschild.com

*Attorneys for Plaintiffs,*
*Roger Nichols and Three Eagles Music*