## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Roger Nichols, an individual; and Three Eagles Music, a Division of Roger Nichols, Inc.<br><br>354 NE Dekalb Avenue, Suite 100<br>Bend, OR 97701<br><br>      Plaintiff,<br><br>v.<br><br>Club For Growth Action, a<br>Super Political Action Committee<br><br>2001 L St NW #600<br>Washington, DC 20036<br><br>      Defendant. | Case No. 1:16-cv-220-RMC<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>**(1) COPYRIGHT INFRINGEMENT; AND**<br><br>**(2) VIOLATION OF THE LANHAM ACT § 1125(a) – FALSE ASSOCIATION OR ENDORSEMENT** |

## FIRST AMENDED COMPLAINT

Plaintiffs Roger Nichols ("Nichols") and Three Eagles Music, a division of Roger

Nichols Music, Inc., ("Three Eagles Music") (collectively "Plaintiffs") bring this first amended

complaint against Club for Growth Action, a conservative super political action committee, and

allege as follows:

## INTRODUCTION

1.     This action arises out of the theft by Defendant Club for Growth Action (the

"Club") of Nichols' well-known and valuable song *Times of Your Life* (the "Composition").

Defendant's infringing conduct is unauthorized, willful, and damages not only the Composition,

but its well-known composer because it deprives Three Eagles Music of maintaining control of,

and getting compensated for, its work and also falsely associates Nichols with a particular

interest group.  This conduct was particularly egregious because the Club, acting out of its desire

to draw attention to its political agenda, hijacked the Composition — a sweet and melancholy song about cherishing the moments of one's life — because it knew it would cause its target demographic to sit up and pay attention to its bitter attack advertisement.

In mid-2015, the Club decided to spend over half a million dollars to air advertisements against former Senator Russell Dana "Russ" Feingold, a Democrat from Wisconsin running for a seat in the United States Senate. One of the advertisements featured no audio other than a person singing a song that is strikingly similar to the Composition (the "Commercial"). This similarity was purposeful. The Club made a concerted effort to draw an association between the Composition and its well-known composer, on the one hand, and the senior voters who would be familiar with the melody, on the other hand, by using a recording that featured the exact melody of the Composition as well as a singer that was clearly impersonating the style of Paul Anka, the world-famous singer who performed the most well-recognized version of the Composition. The Commercial did not to comment on or criticize the Composition in any way. Instead, it simply piggybacked on the recognizable nature and fame of the Composition as a free way to draw attention to the Club's attack on former Senator Feingold.

2.      Despite not obtaining a license or otherwise receiving (or even seeking) permission for the use of the Composition in the Commercial, as required by the United States Copyright Act and the Lanham Act, the infringing Commercial was aired on broadcast and cable stations throughout Wisconsin and posted on YouTube for worldwide consumption. The Club, also, publicized its political efforts through multiple media outlets, such as Politico, Right Wisconsin, and Facebook. In making and distributing the Commercial on television and on the Internet, the Club has willfully and intentionally appropriated and/or violated Plaintiffs' exclusive rights.

3.      The Composition is also associated with Nichols' identity, persona, and professional reputation. In making and distributing the Commercial, the Club has willfully, intentionally and falsely associated Nichols, and his well-known song that is uniquely associated with him, in a political attack ad. Such close identification of Nichols with the Club and its

political affiliations and positions is an egregious, intentional, and false association that must be stopped.

4.      Three Eagles Music, who is careful about how the Composition is used, particularly whether the Composition can be associated with a political issue, selectively licenses its exclusive copyrights.  It did not authorize the Club to use its copyrighted musical work. Neither it nor Nichols presently endorse the Club or its political views, and would not typically associate with a political cause or organization such as the Club for Growth, its affiliates, or any of the campaigns or controversies it might be associated with or campaigns it seeks to denigrate, without giving prior approval and receiving a substantial licensing fee to offset the potential harm to future licensing opportunities for the Composition, as a result of such use.

5.      In bringing this action, Plaintiffs seek (1) a declaration that the Club has infringed on Three Eagles Music's rights under the Copyright Act 17 U.S.C. §101 *et seq*. and on Nichols' rights under the Lanham Act, 15 U.S.C. §1051 *et seq*.; (2) preliminary and permanent injunctive relief to halt the Club's continuing violation of Plaintiffs' intellectual property rights; (3) damages; and (4) attorneys' fees and costs.

## PARTIES

6.      Plaintiff Roger Nichols is a composer and songwriter.  He is a resident of Bend, Oregon.

7.      Plaintiff Three Eagles Music, a Division of Roger Nichols Music, Inc. is an Oregon corporation.

8.      Defendant Club for Growth Action, is a super political action committee, located in Washington, DC that seeks to influence political decisions in virtually every one of the United States.

## JURISDICTION

9.      This action arises under the Copyright Act 17 U.S.C. §101 *et seq*. and the Lanham Act, 15 U.S.C. §1051 *et seq*.

10.     This Court has original "federal question" subject matter jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a) and (b) and diversity jurisdiction under 28 U.S.C. §1332(a)(1) and §1367(a).  This action is between citizens of different states and the amount in controversy exceeds $75,000.00.

11.     This Court has personal jurisdiction over the Club.  Personal jurisdiction is proper under Fed. R. Civ. Proc. 4.  The Club has asserted in prior court filings that its headquarters are located in the District of Columbia and all of its political operations throughout the United States emanate from this district.  Moreover, this action was originally filed in the Central District of California and counsel for the Club represented that it agreed that prior action could be allowed to be voluntarily dismissed without prejudice and re-filed in this District, where personal jurisdiction would be appropriate.

## FACTUAL BACKGROUND

12.     Three Eagles Music, a division of Roger Nichols Music, Inc. owns the copyright to the musical composition and lyrics to *Times of Your Life*, both of which have been registered with the United States Copyright Office.  The registration number to the musical composition is EU529514.  Registration was made on October 25, 1974 and designates Nichols as the composer and Three Eagles Music as the copyright owner.  The registration number for the lyrics is EU599114.  Nichols obtained the copyright to the lyrics of *Times of Your Life* via transfer of ownership from Kodak.  Nichols subsequently transferred ownership of the lyrics of *Times of Your Life* to Three Eagles Music.

13.     Nichols, a successful composer and songwriter, is the well-known composer of many beloved songs recorded by popular award-winning artists such as The Carpenters, The Monkeys, Kris Kristofferson, Three Dog Night, Paul Anka, Barbra Streisand, Art Garfunkel, Ann Murray, and Johnny Mathis.  Nichols' music has been recorded by over 5,000 artists worldwide.  He has co-written many songs with famed lyricist Paul Williams, a Grammy award winning songwriter, including *We've Only Just Begun*, *Rainy Days and Mondays*, *I Won't Last A Day Without You* and *Let Me Be The One*.  Nichols has three gold records, two Grammy

4

nominations, and one Emmy nomination to his credit and he was inducted into the Grammy Hall of Fame in 1998 in recognition of his recordings "of lasting quality or historical significance." Over the span of his career, his music has been featured in both television and film, reaching audiences around the world for nearly 50 years. An extensive list of his musical credits can be found on IMDb.com.

14.     *Times of Your Life* is one of Nichols' most famous and easily recognized musical compositions.  As its composer, Nichols is uniquely and intimately associated with *Times of Your Life*.  All lawful sound recordings of *Times of Your Life* designate Nichols as the composer of the song's music and Three Eagles Music as the publisher.  First recorded in 1975 by singer Paul Anka, the single quickly became a hit in the United States.  The song reached number one on the *Billboard* Easy Listening chart, number seven on the *Billboard* Hot 100 chart, and remained on the "Top 40" list for 12 weeks in 1976, resulting in Nichols receiving a Gold Record.  The song was further popularized by Kodak in its "This Old House" commercial, one of its most iconic commercial advertising campaigns during the 1970s.  Roger Nichols Music, Inc., the parent company of Three Eagles Music, received a Clio Award – the premier annual award for excellence in advertising – for the Kodak commercial.  The orchestration, vocal melody and lyrics of the Composition's chorus ("Remember? Do you remember?") are distinct and easily recognizable as the tune from the Kodak commercials of that decade.  Furthermore, all sheet music for the Composition designate Nichols as the composer and Three Eagles Music as the copyright owner.

15.     As such, *Times of Your Life* is considered a 70's classic and is associated with a certain type of retrospective and sentimental feeling.  It is a song meant to evoke nostalgia and positive emotion.  Most recently, the cable television network AMC used the song as the soundtrack for the series finale trailer of the Emmy Award winning show *Mad Men,* setting a montage of the series' most memorable moments to the Composition.  The *Mad Men* finale trailer sparked wide discussion by critics and fans online.  The Composition was the subject of

many articles reviewing the song's significance as it relates to the show, including reviews in online media outlets such as *Variety*, *The Wall Street Journal*, and <u>Bustle.com</u>.

16.     The Club is the super PAC of the conservative organization Club for Growth. As a super PAC, the Club is in the business of raising unlimited sums of money from the public and then spending the money advocating for or against political candidates.  The Club's website states that it "take[s] on any Member of Congress on policy who fails to uphold basic economic conservative principles."  In the Club's trademark filing for the word mark "The Club For Growth Action" (registration number 4913075), the Club stated it uses its mark in commerce for "[p]olitical action committee services, namely, independently promoting the interests of economic conservatives in the field of politics."

17.     In 2015, the Club announced that it would spend at least $2.5 million dollars to help Republican Sen. Ron Johnson defeat Democratic challenger former Sen. Russ Feingold – an act that furthered Club for Growth Action's business objective of keeping conservative senators to office.

18.     On or about September 22, 2015, the Club launched a $700,000 ad buy against Feingold, in order to air two 30-second commercials on broadcast and cable stations throughout Wisconsin. The Commercial was one of the two ads and was aired shortly thereafter.

19.     The entirety of the 30-second Commercial's music is set to the unadulterated musical orchestration and lyrical melody of the Composition.  The singer featured in the Commercial is clearly imitating the sound of Paul Anka, who is uniquely associated with having performed the Composition.  The Club's sole alteration to the Composition is to some of the song's lyrics, which specifically comment on Sen. Feingold's liberal position.   The Commercial does not mention Sen. Feingold's senate record or specific political efforts.   For convenience, Plaintiffs include the lyrics of *Times of Your Life* and the Club's unauthorized version below:

| Original Version | The Club's Version |
|---|---|
| Good morning, yesterday | Remember yesterday |
| You wake up and time has slipped away | We wake up; it feels like groundhog day |
| And suddenly it's hard to find | The bailouts and the liberal way |
| The memories you left behind | The national debt that ran away |
| Remember, do you remember? | Remember, yes we remember, the Russ Feingold way. |

20.     At the conclusion of the Commercial, with the recording of the Composition still playing, a standard campaign ad notice appears which states "Club for Growth Action is responsible for the content of this advertising.  Paid for by Club for Growth Action" even though no payment has been made to, nor permission sought from, Three Eagles Music for the music in the Commercial.

21.     The Club also distributed the Commercial by posting it on the Internet video sharing platform YouTube.  Since then, a variety of Internet websites such as Politico.com have brought further attention to the ad by writing articles about and sharing the link to the Commercial on YouTube, which has nearly 23,000 views as of November 5, 2015.  The Club's website Clubforgrowth.org, its Facebook.com page, Twitter.com page, and other social media platforms have also directed viewers to the Commercial and to other attack ads produced by the Club that the Club places on YouTube.

22.     At no time has the Club obtained, or attempted to obtain, a license, authorization, or other permission from Three Eagles Music to use or exploit *Times of Your Life* in the manner described herein.  Nor did Nichols consent to allow it to capitalize on his reputation as a songwriter for the purpose of promoting its political agenda.

23.     The Club's unauthorized and wholesale appropriation of the Composition's orchestration and lyrical melody, as well as some of the lyrics take from the very heart of the original work, was meant solely to capitalize on the public's familiarity with the tune and further the Club's political agenda and purposes.  The purpose and nature of the copying is not educational or historical in any way.  The Commercial does not comment or criticize the style, technique, genre, composer or subject matter of the Composition.  It instead attacks former Sen. Feingold in order to portray him in a negative light to the general public.

7

24.     The Club conceivably utilized a song that is familiar with Wisconsin's senior demographic in order to entice those viewers to pay attention to the Commercial.

25.     Because audiences often assume that musicians control the exploitation of their work and, therefore, endorse the products or services that use their works, the Club knew that its target demographic of seniors would hear the nostalgic Composition and associate Nichols – the all American songwriter who penned numerous timeless hits about the simpler times – with the position the Club promoted in the Commercial.

26.     The Club not only knew that viewers accessing the Commercial on YouTube or watching it on television would easily conclude that the Composition was used with Nichols' permission, but it was hoping such an assumption would be made.  The Club wanted the viewer to conclude that Nichols is a political supporter of the Club, even though he is not, or that Nichols has expressed a position adverse to Russ Feingold, which he has not.

27.     Nichols has specifically worked to create a professional reputation and legacy that is held in high regard and free from controversy.  Nichols, through Three Eagles Music, has consciously avoided licensing his works for controversial subject matter in order to avoid alienating future prospective licensees, particularly those seeking to reach a broad demographic. While he would entertain an offer to license his works for controversial subject matter, he would only accept such an offer if he would be substantially compensated in order to offset future lost licensing revenue.

28.     Nichols is not associated with the Club, nor has he endorsed the Club's position regarding the Wisconsin senatorial race.  By using Nichols' seminal work, the Club created an involuntary and false association between itself and Nichols.  Additionally, the Club's use of the Composition created an involuntary and false endorsement of the Club and its views on Wisconsin politics.  Any further exploitation of the Composition in the above-described manner will cause Nichols' creative work to become even more associated with the Club in the public mind, an association which is patently false and misleading.  Had permission been sought, Nichols would have considered options to alleviate his concerns about the use (e.g. a disclaimer)

and would have sought a significant licensing fee to offset the fact that the use could substantially harm further licensing opportunities.

29.     Plaintiffs derive income and economic value from licensed uses of the Composition.  The association of Nichols or his Composition with the Club or any other related political controversies will make his works less attractive to be licensed for other legitimate, income-producing purposes, such as for use in film or television.

30.     Plaintiffs have been irreparably harmed by the Club's infringing actions and will continue to be so harmed if the Club is not enjoined from further using and exploiting *Times of Your Life*.  The Club should therefore be enjoined from engaging in any further conduct that falsely suggests any support or association between Plaintiffs and their creative works, on the one hand, and the Club, on the other.

## FIRST CAUSE OF ACTION

**(Three Eagles Music Against Club for Growth Action for Direct Copyright Infringement)**

31.     Three Eagles Music realleges and incorporates each and every allegation set forth in paragraphs 1 through 30 as though fully set forth herein.

32.     The Club's unauthorized reproduction of, preparation of a derivative work based upon, distribution to the public of, and public performance of Three Eagles Music's copyrighted Composition in the Commercial infringes on Three Eagles Music's exclusive rights in violation of the Copyright Act, 17 U.S.C. §101 *et seq*.

33.     Each unauthorized reproduction, derivative work, distribution to the public of, and public performance of Three Eagles Music's copyrighted Composition constitutes an individual act of infringement of Three Eagles Music's exclusive rights in violation of the Copyright Act, 17 U.S.C. §101 *et seq*.

34.     The Club's conduct has been, and continues to be, intentional, willful, and with full knowledge of Three Eagles Music's copyright interests and the infringement thereof.

35.     The foregoing acts by the Club constitute willful, direct infringement of Three Eagles Music's exclusive rights in the Composition.

36.     Pursuant to 17 U.S.C. §504(c), as a direct and proximate result of the Club's infringement of Three Eagles Music's exclusive rights, Three Eagles Music is entitled to recover statutory damages in the maximum amount for the work infringed.  Alternatively, at Three Eagles Music's election, pursuant to 17 U.S.C. §504(b), it is entitled to recover actual damages, in an amount to be  proven at trial but which is estimated to exceed $1,000,000.

37.     The Club is causing, and unless enjoined by the Court, will continue to cause, irreparable harm to Three Eagles Music for which it has no adequate remedy at law.

38.     Three Eagles Music is further entitled to attorneys' fees and full costs pursuant to 17 U.S.C. §505, and prejudgment interest according to law.

## SECOND CAUSE OF ACTION

**(Nichols Against Club for Growth Action for Federal Trademark Infringement – False Association or Endorsement)**

39.     Nichols realleges and incorporates each and every allegation set forth in paragraphs 1 through 38 as though fully set forth herein.

40.     Nichols is a famous singer and songwriter.  The well-known hit song *Times of Your Life* is uniquely associated with Nichols and suggests Nichols' identity and persona in the mind of the public.

41.     The Club's use of the Composition in connection with the Commercial was in commerce, specifically for campaign, publicity, and to encourage donations in the furtherance of the Club's political interests.  Furthermore, the Commercial is the exact type of service the Club stated it provides in commerce for its trademark filing: "[p]olitical action committee services, namely, independently promoting the interests of economic conservatives in the field of politics."

42.     The Club knew or should have known that the unauthorized use of the Composition and Nichols' identity by incorporating a well-known song associated with him in their Commercial, was likely to cause confusion or mistake by the public regarding whether Nichols has endorsed, is affiliated, connected to, or associated with, or has approved of the

message and content of the Commercial and/or the Club, in violation of the Lanham Act, 15 U.S.C. §1125 (a).

43.     Due to the Club's unauthorized use of Nichols' identity and persona through the use of his Composition in the Commercial, Nichols has suffered damages and will continue to suffer damages.

44.     The Club's conduct has been and continues to be intentional, willful, and with full knowledge of the violation of Nichols' rights.

45.     The Club is causing and, unless enjoined by the Court, will continue to cause, Nichols irreparable harm for which he has no adequate remedy at law.

46.     Nichols is further entitled to attorney' fees and full costs pursuant to 15 U.S.C. §1117, and prejudgment interest according to law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

## FIRST CAUSE OF ACTION

1.      For a declaration that:

(a)     through its conduct, the Club has willfully and directly infringed the copyright in the musical work *Times of Your Life* by their unauthorized reproduction off, creation of a derivative work based upon, and distribution to the public in violation of Three Eagles Music's exclusive rights under 17 U.S.C. §101 *et seq*.;

(b)     through its conduct, the Club has willfully and contributorily infringed the copyright in the musical work *Times of Your Life* by the Club's unauthorized reproduction of, creation of a derivative work based upon, and distribution to the public in violation of Three Eagles Music's exclusive rights under 17 U.S.C. §101 *et seq*.;

(c)     through its conduct, the Club has willfully and vicariously  infringed the copyright in the musical work *Times of Your Life* by the Club's unauthorized reproduction off, creation of a derivative work based upon, and distribution to the public in violation of Three Eagles Music's exclusive rights under 17 U.S.C. §101 *et seq*.;

2.      For a preliminary and permanent injunction enjoining the Club and its agents, servants, employees, officers, attorneys, successors, licensees, partners, and assigns, and all persons acting in concert with them:

(a)      from all further infringing conduct in connection with the Composition and/or the Commercial;

(b)      from all further infringement of any copyrighted musical work owned or controlled by Plaintiffs; and

(c)      requiring removal of the Commercial from all places where it has been stored and/or made available and destruction of any and all copies of the Commercial;

3.      For an award of statutory damages to Three Eagles Music pursuant to the Copyright Act in the amount of $150,000 for the willful infringement of Three Eagles Music's work *Times of Your Life*, or at Three Eagles Music's election, actual damages and profits as permitted under the Copyright Act, in an amount to be determined at trial;

4.      For prejudgment interest according to law;

5.      For an order awarding Three Eagles Music its attorney fees, together with the costs and disbursements of this action; and

6.      For such other relief as the Court deems just and proper.

## SECOND CAUSE OF ACTION

1.      For a declaration that:

(a)      through its conduct, the Club improperly used Nichols' identity and persona by creating the false impression that Nichols has endorsed, is affiliated, connected to or associated with, or has approved of the message and views of the Commercial or he Club, in violation of the Lanham Act, 15 U.S.C. §1125 (a).

2.      For a preliminary and permanent injunction enjoining the Club and its agents, servants, employees, officers, attorneys, successors, licensees, partners, and assigns, and all persons acting in concert with them:

(a)     from all further unlawful conduct in connection with the Commercial and/or the Composition;

(b)     from improperly suggesting or implying an association with Nichols or his creative works in violation of the Lanham Act, 15 U.S.C. §1125 (a);

(c)     requiring removal of the Commercial from all places where it has been stored and/or made available and destruction of any and all copies of the Commercial;

3.      For an award of the Club's profits and damages according to proof, for their violations of the Lanham Act, 15 U.S.C. §1125 (a), in an amount to be determined at trial;

4.      For prejudgment interest according to law;

5.      For an order awarding Nichols his attorney fees, together with the costs and disbursements of this action; and

6.      For such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs Roger Nichols and Three Eagles Music, a division of Roger Nichols Music Inc., demand a trial by jury on all issues so triable in this action.

Respectfully submitted,

Date:  April 29, 2016

/s/ K. Edward Raleigh  (1013444)
Jeff E. Schwartz, Esq.
DC Bar No. 442804

Lincoln D. Bandlow, Esq. (CA #170449)
*pro hac vice admission pending*
Rom Bar-Nissim, Esq. (CA #293356)
*pro hac vice admission pending*
**FOX ROTHSCHILD LLP**
1800 Century Park East
Los Angeles, CA 90067
Telephone:     (310) 598-4150
Facsimile:     (310) 556-9828
*lbandlow@foxrothschild.com*
*rbar-nissim@foxrothschild.com*

K. Edward Raleigh, Esq.
DC Bar No. 1013444
**FOX ROTHSCHILD LLP**
1030 15th Street, N.W.
Suite 380 East
Washington, DC 20005
Telephone:     (202) 696-1479
Facsimile:     (202) 461-3102
*jeschwartz@foxrothschild.com*
keraleigh@foxrothschild.com

*Attorneys for Plaintiffs,*
*Roger Nichols and Three Eagles Music*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date I served a copy of the foregoing First Amended

Complaint via CM/ECF on the following:

    Thomas W. Kirby, Esq.
    Wiley Rein LLP
    1776 K Street NW
    Washington, DC 20006
    tkirby@wileyrein.com

Date:  April 29, 2016            _/s/ K. Edward Raleigh_
                                      K. Edward Raleigh