UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ROGER NICHOLS, *et al.*, | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil Action No. 16-220 (RMC) |
| CLUB FOR GROWTH ACTION, | ) | |
| Defendant. | ) | |

**OPINION**

Club for Growth Action is a political organization that broadcast a 30-second political advertisement on Wisconsin television and the Internet in September 2015. The advertisement challenged the record of former-Senator Russ Feingold, who was then running for re-election against Ron Johnson. Roger Nichols, an individual, and Three Eagles Music, a division of Roger Nichols, Inc., sue Club for Growth Action, alleging that the advertisement violated copyrights held by Three Eagles Music and Mr. Nichols' rights under trademark law. Club for Growth Action moves to dismiss, arguing that Plaintiffs' allegations have plead them out of court by demonstrating that its use of the copyrighted work was fair use. The Court finds that Plaintiffs have adequately alleged a copyright violation and will not decide the issue of fair use without discovery. However, Plaintiff has failed to allege adequately a Lanham Act claim. The motion to dismiss will be granted in part and denied in part.

**I. FACTS**

Mr. Nichols composed both the lyrics and music of the song *Times of Your Life*. *Times of Your Life* was first recorded in 1975 by Paul Anka. Three Eagles Music (Three Eagles) is a division of Roger Nichols Music, Inc. and the owner of the copyrights to both the musical

1

composition and lyrics of *Times of Your Life*. The registration numbers of the two copyrights are EU529514 and EU599114. Three Eagles Music and Mr. Nichols have authorized use of *Times of Your Life* in commercials for Kodak and the television show *Mad Men*.

Club for Growth Action (Club for Growth) is a conservative political action organization that raises funds and creates advertisements to promote conservative candidates for public office. In 2015, Club for Growth created two 30-second commercials focused on challenging former Senator Russ Feingold's attempt to regain his Senate seat. One commercial featured *Times of Your Life* (the Ad). The Ad altered a majority of the lyrics, but did not alter any of the musical composition for the portion of the song used in the commercial. The commercial was available on the Internet and aired on television in Wisconsin. "At no time has the Club obtained, or attempted to obtain, a license, authorization, or other permission from Three Eagles Music to use or exploit *Times of Your Life* . . . . Nor did [Mr.] Nichols consent to allow it to capitalize on his reputation as a songwriter for the purpose of promoting its political agenda." Am. Compl. [Dkt. 9] ¶ 22.

Plaintiffs first filed suit in federal court in California. Because Plaintiffs are Oregon residents, Club for Growth resides in Washington, D.C., and the Ad was aimed at a Wisconsin political campaign, Club for Growth moved to dismiss for lack of personal jurisdiction and other pleading failures. Plaintiffs took a voluntary dismissal of their California complaint and filed a similar Complaint in the District Court for the District of Columbia. Compl. [Dkt. 1]. Club for Growth moved to dismiss and Plaintiffs filed an Amended Complaint on April 29, 2016. Am. Compl. [Dkt. 9].

Club for Growth again moved to dismiss for failure to state a claim and because Plaintiffs' Complaint alleged facts demonstrating the Ad was fair use. Mot. [Dkt. 10]. Plaintiffs

2

opposed, Opp'n [Dkt. 12], and Defendant replied.  Reply [Dkt. 14].[1]  The motion is ripe for review.[2]

## II.  LEGAL STANDARD

### A. Motion to Dismiss – Fed. R. Civ. P. 12(b)(6)

Club for Growth moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  A complaint must be sufficient "to give a defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).  Although a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.  The facts alleged "must be enough to raise a right to relief above the speculative level." *Id*.  "[A] complaint needs *some* information about the circumstances giving rise to the claims." *Aktieselskabet Af 21. Nov. 2001 v. Fame Jeans, Inc.*, 525 F.3d 8, 16 n.4 (D.C. Cir. 2008).  A complaint must contain sufficient factual matter to state a

---

[1] Defendant also filed a Notice of Supplemental Authority, Notice [Dkt. 15], which Plaintiffs moved to strike.  Mot. to Strike [Dkt. 16].  The Court will deny Plaintiffs' Motion to Strike.

[2] Federal District Courts have original, federal-question, subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) and (b).  Section 1338(a) provides that "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks."  28 U.S.C. § 1338(a).  Section 1338(b) provides that "[t]he district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the copyright, patent, plant variety protection or trademark laws." *Id*. § 1338(b).  This case arises under both the federal Copyright Act, 17 U.S.C. § 101 *et seq.*, and the Lanham Act, 15 U.S.C. § 1051 *et seq*.  Therefore, the Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.  The Court also has diversity jurisdiction as the parties are all citizens of different states (Club for Growth of the District of Columbia, Three Eagles and Mr. Nichols of Oregon) and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1332(a)(1) and 1367(a).  Club for Growth asserted that personal jurisdiction and venue were appropriate in the District of Columbia when the suit was initially filed in California.

claim for relief that is "plausible on its face." *Twombly*, 550 U.S. at 570.  When a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged, then the claim has facial plausibility. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.  A court must treat the complaint's factual allegations as true, "even if doubtful in fact." *Twombly*, 550 U.S. at 555.  But a court need not accept as true legal conclusions set forth in a complaint. *Iqbal*, 556 U.S. at 678.

In deciding a motion under Rule 12(b)(6), a court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits or incorporated by reference, and matters about which the court may take judicial notice. *Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007).  Generally, when a court relies upon matters outside the pleadings, a motion to dismiss must be treated as one for summary judgment and disposed of pursuant to Rule 56.  *See* Fed. R. Civ. P. 12(d).  "However, where a document is referred to in the complaint and is central to the plaintiff's claim, such a document attached to the motion papers may be considered without converting the motion to one for summary judgment." *Nat'l Shopmen Pension Fund v. Disa*, 583 F. Supp. 2d 95, 99 (D.D.C. 2008) (citation omitted).

The Court requested copies of the Ad and *Times of Your Life*, as they were incorporated by reference in the Amended Complaint.  *See* Nov. 14, 2016 Minute Order.  Both Plaintiffs and Defendant provided disks to the Court and objected to the notice and disk of the opposing party.  *See* Notices and Objections [Dkts. 18-22].  As the Court will deny Defendant's motion to dismiss the copyright claim, the Court will also not decide which version of the Ad and song are appropriate to decide the issue of substantial similarity.

4

### B. Copyright Infringement

To state a claim for copyright infringement, a plaintiff must allege facts showing that it owns a registered copyright and that the defendant has taken enough original elements protected by that copyright to create a substantially similar copy. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991) (ruling that plaintiff must prove "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original"). The second part of this standard gets complicated. Copying alone does not prove infringement; rather, "a plaintiff must establish actionable copying to prevail." *Prunte v. Universal Music Group, Inc.*, 699 F. Supp. 2d 15, 22 (D.D.C. 2010) (*Prunte II*). Both "actual copying and substantial similarity . . . are clearly required, and the latter inquiry concerns whether actual copying is legally actionable." *Sturdza v. United Arab Emirates*, 281 F.3d 1287, 1295 (D.C. Cir. 2002).

When arguing that a copy has substantial similarity to the original work, a plaintiff must first identify which aspects of the work are protectable by copyright. "'[N]o author may copyright facts or ideas. The copyright is limited to those aspects of the work—termed "expression"—that display the stamp of the author's originality.'" *Id.* (quoting *Feist Publ'ns*, 499 U.S. at 350). Once the protectable elements of a work are identified, the comparison between those protectable elements and the challenged work can be done. *See id.* at 1296. "'Substantial similarity' exists where 'the accused work is so similar to the plaintiff's work that an ordinary reasonable person would conclude that the defendant unlawfully appropriated the plaintiff's protectable expression by taking material of substance and value.'" *Id.* (citing *Country Kids 'N City Slicks, Inc. v. Sheen*, 77 F.3d 1280, 1288 (10th Cir. 1996)).

> The plaintiff's legally protected interest is . . . his interest in the potential financial returns from his [work] which derive from the lay public's approbation of his efforts. The question, therefore, is

> whether defendant took from plaintiff's works so much of what is pleasing to the . . . lay . . . audience . . . that defendant wrongfully appropriated something which belongs to the plaintiff.

*Id.* (quoting *Arnstein v. Porter*, 154 F.2d 464, 473 (2d Cir. 1946)).  In determining substantial similarity, a jury compares "not only [] the two works' individual elements in isolation, but also [] their overall look and feel."  *Id.*  Works are substantially similar if the "ordinary observer" would overlook the differences between the two and "regard their aesthetic appeal as the same."  *Id.*  Because this test often involves "an extremely close question of fact, summary judgment has traditionally been frowned upon in copyright litigation."  *Id.* (quoting *A.A. Hoehling v. Universal City Studios, Inc.*, 618 F.2d 972, 977 (2nd Cir. 1980)); *see also Prunte v. Universal Music Group*, 484 F. Supp. 2d 32, 41 (D.D.C. 2007) (*Prunte I*) ("Substantial similarity is a question that should be decided either by a factfinder at trial or, in some cases, in the context of a motion for summary judgment, not on a motion to dismiss for failure to state a claim under Rule 12(b)(6).").

Even when a work has been copied and the result is substantially similar to the original, a successful defense of "fair use" will forestall recovery.  The doctrine of fair use arises out of 19th century American common law, *see Folsom v. Marsh*, 9 F. Cas. 342 (C.C.D. Mass. 1841) (no. 4,901), and has now been codified by Congress.  Section 107 of the 1976 Copyright Act provides:

> Notwithstanding the provisions of sections 106 and 106A [identifying the rights of a copyright holder], the fair use of a copyrighted work, including such use by reproduction in copies or phonorecords or by any other means specified by that section, for purposes such as criticism, comment, news reporting, teaching (including multiple copies for classroom use), scholarship, or research, is not an infringement of copyright.  In determining whether the use made of a work in any particular case is a fair use the factors to be considered shall include –

> (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;
>
> (2) the nature of the copyrighted work;
>
> (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and
>
> (4) the effect of the use upon the potential market for or value of the copyrighted work.
>
> The fact that a work is unpublished shall not itself bar a finding of fair use if such finding is made upon consideration of all the above factors.

17 U.S.C. § 107. The uses identified in the first paragraph of § 107 only "give some idea of the sort of activities the courts might regard as fair use under the circumstances . . . . This listing was not intended to be exhaustive, . . . or to single out any particular use as presumptively a fair use." *Harper & Row Publishers, Inc. v. Nat'l Enters.*, 471 U.S. 539, 561 (1985). The "central purpose" of the investigation into the first factor is to determine "whether the new work merely supersedes the objects of the original creation, or instead adds something new, with a further purpose or different character, altering the first with new expression, meaning, or message." *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 579 (1994). The new work must be transformative. However, if "the commentary has no critical bearing on the substance of style of the original composition, which the alleged infringer merely uses to get attention or to avoid the drudgery in working up something fresh, the claim to fairness in borrowing from another's work diminishes." *Id*. at 580.

"Fair use is a mixed question of law and fact," *id*. at 560, and determinations of fair use involve a fact-intensive review of the record. Therefore, fair use is not traditionally decided on a motion to dismiss. *See Roe v. Bernabei & Wachtel PLLC*, 85 F. Supp. 3d 89, 99 n.8 (D.D.C. 2015) ("Th[e fair use] defense is premature and the Court will not address it on a

7

Rule 12(b)(6) motion."); *Katz v. Chevaldina*, 900 F. Supp. 2d 1314, 1316 (S.D. Fla. 2012) ("[T]he general rule [is] that fair use defenses are not ripe for determination before the summary judgment stage."); *Browne v. McCain*, 612 F. Supp. 2d 1125, 1130 (C.D. Cal. 2009) ("[I]n light of a court's narrow inquiry [on a motion to dismiss] and limited access to all potentially relevant and material facts needed to undertake the [fair use] analysis, courts rarely analyze fair use on a 12(b)(6) motion."); *but cf. Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687 (7th Cir. 2002) (converting a motion to dismiss to a motion for summary judgment and deciding the issue of fair use).

### C. Lanham Act, 15 U.S.C. § 1125

The Lanham Act provides a civil cause of action for false association and false advertising. Section 1125(a) provides in pertinent part that:

> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—
>
> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a). Section 1125(a)(1)(A) details the cause of action for false association and § 1125(a)(1)(B) describes false advertising. The Lanham Act only restricts commercial speech,

or speech connected with a good or service.  *See Farah v. Esquire Magazine*, 736 F.3d 528, 541 (D.C. Cir. 2013) (*Farah II*).

### III.  ANALYSIS

Defendant moves to dismiss, arguing that the Amended Complaint fails to allege copyright infringement, but instead itself admits facts that demonstrate the validity of the fair use defense and that no violation of any copyright occurred.  Defendant also argues that the Amended Complaint fails to allege a Lanham Act claim because the speech is not commercial and Mr. Nichols has not adequately alleged association between his name and the song *Times of Your Life* to allow for a finding of false association.  Plaintiffs disagree and argue a determination of fair use is not appropriate on a motion to dismiss and the Amended Complaint adequately sets forth the elements of a Lanham Act false association claim.

A.  Count I – Copyright Infringement

"A plaintiff seeking to establish copyright infringement must prove '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'"  *Stenograph LLC v. Bossard Assoc., Inc.*, 144 F.3d 96, 99 (D.C. Cir. 1998) (quoting *Feist Publ'ns*, 499 U.S. at 361).  Plaintiffs must allege facts showing ownership of the copyrights at issue and copying of constituent elements of the work that are original.  The Amended Complaint adequately alleges, and Defendant does not dispute, that Three Eagles owns the copyrights for the lyrics and musical composition of *Times of Your Life*.  Am. Compl. ¶ 12.  The first prong of copyright infringement is, therefore, properly alleged.

The Amended Complaint also alleges that both the lyrics and musical composition were original works created by Mr. Nichols, and Defendant does not dispute those facts.  Additionally, Plaintiffs allege that Defendant copied a 30-second portion of the musical composition and made no alterations to the melody or tone of portion of the musical composition

9

that was used.  Defendant focuses its argument on the differences between the lyrics of *Times of Your Life* and the lyrics used in the Ad and does not dispute that the musical composition itself was not altered.  Plaintiffs have also adequately alleged copying of original elements with respect to the musical composition.

The majority of each party's briefing focused on the differences between the lyrics and whether original elements were copied or whether fair use applies.  Plaintiffs allege that "the Club's sole alteration to the composition is to some of the song's lyrics," and that the use "take[s] from the very heart of the original work."  Am. Compl. ¶¶ 19, 23.  Defendant argues that the lyrics are not substantially similar and the words the Ad and *Times of Your Life* have in common are not "original and protected elements of the Song."  Mot. at 7.  Although Defendant argues the limited overlap of the lyrics is not sufficient to allege the copying of original elements, the Court takes the allegations of the Amended Complaint as true for the purposes of a motion to dismiss and Plaintiffs have alleged that the lyrics to *Times of Your Life* are an original work.  *See Twombly*, 550 U.S. at 555.

Defendant's arguments about originality are relevant to determining whether the two works are substantially similar, which is not an appropriate question on a motion to dismiss. *See Prunte I*, 484 F. Supp. 2d at 41 ("Substantial similarity is a question that should be decided either by a factfinder at trial or, in some cases, in the context of a motion for summary judgment, not on a motion to dismiss for failure to state a claim under Rule 12(b)(6)."); *see also Sturdza*, 281 F.3d at 1295 ("The substantial similarity inquiry consists of two steps.  The first requires identifying which aspects of the artist's work, if any, are protectable by copyright.").  Because Plaintiffs adequately alleged that the lyrics and musical composition are original and this Court

will not decide substantial similarity at this time; Plaintiffs have adequately alleged copyright infringement of the lyrics.[3]

Defendant adds that even if Plaintiffs adequately alleged a copyright infringement, Plaintiffs also alleged fair use. Fair use is not traditionally determined on a motion to dismiss and this Court will not disrupt that tradition. *See Roe*, 85 F. Supp. 3d at 99 n.8. Defendant's motion to dismiss Count I will be denied.

### B. Count II – Lanham Act

Defendants also move to dismiss Count II of the Amended Complaint arguing that: (1) the Lanham Act was not intended to provide copyright-like rights for all those associated with a copyrighted work; (2) the Lanham Act only prohibits the use of a work in connection with goods or services, or in commerce; (3) the Amended Complaint failed to allege adequate facts that could show the potential to be misled by the use of the song in the Ad; (4) Mr. Nichols failed to allege malice; and (5) Mr. Nichols failed to alleged any actual damages. Plaintiffs respond by arguing that: (1) a motion to dismiss is an improper way to resolve the fact-intensive question of a false endorsement claim; (2) the Lanham Act also protects political speech and Club for Growth provides a service covered by the Lanham Act; (3) Plaintiff is not required to plead malice; and (4) the Amended Complaint adequately alleged confusion because allegations of actual confusion are not required.

Section 1125(a) of the Lanham Act provides a cause of action for false association against:

> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name,

---

[3] The Court will not address the question of whether the singer on the Ad sounded like Paul Anka because Plaintiffs have not alleged ownership of the copyright for the recording of Mr. Anka's version of *Times of Your Life*.

>symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—
>
>(A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person.

15 U.S.C. § 1125(a)(1).

This Court, affirmed by the D.C. Circuit, has previously held that "the Lanham Act restricts only commercial speech, as commercial speech is entitled to reduced protection under the First Amendment." *Farah v. Esquire Magazine, Inc.*, 863 F. Supp. 2d 29, 40 (D.D.C. 2012) (*Farah I*) (collecting cases holding Lanham Act only applicable to commercial speech); *see also Farah II*, 736 F.3d at 541.[4]  *Farah I* noted that the First Amended does not protect confusing commercial speech, such as that involving competitors labeling products with a confusing mark, but "'trademark rights do not entitle the owner to quash an unauthorized use of the mark by another who is communicating ideas or expressing points of view.'" *Farah I*, 863 F. Supp. 2d at 41 (quoting *Bosley Med. Inst., Inc. v. Kremer*, 403 F.3d 672, 677 (9th Cir. 2005)).

*Farah I* involved a satirical article on a matter of public interest, which was published on a blog run by Esquire Magazine. Because the blog used the plaintiff's name in connection with political speech expressing a point of view, rather than commercial speech promoting the magazine, the Court determined it was not covered by the Lanham Act. The Ad at issue here is similarly political speech expressing a point of view, not commercial speech

---

[4] Plaintiffs cite *Browne v. McCain*, 612 F. Supp. 2d 1125 (C.D. Cal. 2009), for the proposition that political speech is covered by the Lanham Act. While the Court respects the opinions of other district court judges, it is bound by the precedent of the D.C. Circuit, as set forth in *Farah II*, which restricts the Lanham Act to commercial speech.

attempting to promote a good or service.  The Lanham Act only covers speech "in connection with any goods or services," and Plaintiffs have failed to allege facts indicating that Club for Growth's Ad involved a good or service covered by the Lanham Act.  Count II will be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

### IV.  CONCLUSION

For the reasons discussed above, Defendant's Motion to Dismiss, Dkt. 10, will be granted in part and denied in part.  Count II will be dismissed.  Defendant shall file an Answer to the Amended Complaint within 21 days.  A memorializing order accompanies this opinion.

Date: January 31, 2017                              /s/
                                                                    ROSEMARY M. COLLYER
                                                                    United States District Judge