UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROGER NICHOLS, *et al.*,
   Plaintiffs,
 v.

CLUB FOR GROWTH ACTION,
   Defendant.

Civil Action No.  1:16-cv-220 (RMC)

**MOTION FOR SUMMARY DISMISSAL OF COPYRIGHT CLAIM
AND ENTRY OF FINAL JUDGMENT AGAINST PLAINTIFFS**

  Newly discovered evidence conclusively disproves essential allegations of the copyright claim by plaintiff Three Eagles Music.  The personal trademark claim of co-plaintiff Roger Nichols already has been dismissed.  The pending First Amended Complaint actually is the third version, with plaintiffs having abandoned an initial complaint in California and a subsequent filing in this court.  To permit final judgment, if the Court dismisses plaintiffs' only remaining claim, defendant Club for Growth Action ("Club Action") is willing to withdraw its counterclaims, reserving only a post-judgment motion for legal fees and expenses.  Thus, Club Action respectfully moves that the Court grant final summary judgment dismissing both the copyright claim and the entire First Amended Complaint.

**UNDISPUTED FACTS**

  As supported by the attached Declaration of Melissa Stoll, the undisputed facts show that:

  1. Three Eagles Music is not an Oregon corporation.  Nor does it appear to be incorporated anywhere.

  2. At most, Three Eagles Music is an unincorporated division of Roger Nichols Music, Inc., which is an Oregon corporation.

3. Thus, Three Eagles Music has no separate assets and, in particular, does not own the copyrights on which it has purported to sue.

## MEMORANDUM IN SUPPORT

In the only remaining claim of the First Amended Complaint, Three Eagles Music asserts (¶ 12) that it owns two registered copyrights that were infringed by a Club Action political ad. Ownership of the alleged copyright is an essential element of such an infringement claim. 17 U.S.C. 501(b); *T-Peg, Inc. v. Vermont Timber Works, Inc.*, 2008 WL 879730, *3 (D.N.H. 2008) (collecting authority). "Absent this showing, a plaintiff does not have standing to bring an action under the Copyright Act." *Motta v. Samel Weiser, Inc.*, 768 F.2d 481, 484 (1st Cir. 1985).

In support of its ownership claim, Three Eagles Music asserts (¶ 7) that, although it is "a Division of Roger Nichols Music, Inc.," it also "is an Oregon corporation." This assertion is not true, as plaintiffs surely knew.

As shown in the attached Declaration of Melissa Stoll, Club Action has discovered that Three Eagles Music is not incorporated in Oregon (or elsewhere). At most it is, per the First Amended Complaint, an unincorporated division of Roger Nichols Music, Inc.

The law is settled that an unincorporated division of a corporation owns no separate assets and, indeed, lacks the capacity to sue or be sued. *Smartdoor Holdings, Inc. v. Edmit Indus., Inc.*, 78 F. Supp. 3d 275, 277 (D.D.C. 2015) (collecting authority); *EEOC v. St. Francis Xavier Parochial School,* 77 F. Supp. 2d 71, 73, 76 (D.D.C. 1999), *aff'd on district court's reasoning,* 254 F.3d 315 (D.C. Cir. 2000). The ineluctable result is that Three Eagles Music does not own the claimed copyrights, and it lacks the capacity to sue for their infringement. Accordingly, its copyright claim is fatally defective and must be dismissed as a matter of law.

This is just the latest in a series of fatal pleading defects.  This case began because Roger Nichols objected to a political message that was conveyed by a Club Action political ad directed to Wisconsin.  Mr. Nichols brought suit against Club Action in California, asserting that he was such a famous composer that the mere alleged use of 30 seconds from one of his co-compositions implied his political support and infringed his personal trademark rights.  He joined as co-plaintiff Three Eagles Music, asserting that it was an Oregon corporation that owned the copyrights to the allegedly infringed Composition.

The California complaint's pleading of personal jurisdiction was facially defective.  When Club Action moved to dismiss for lack of personal jurisdiction (among other grounds), plaintiffs abandoned the California action and filed suit here in Washington, D.C.

The D.C. complaint retained other fatal defects.  When Club Action moved to dismiss, plaintiffs again abandoned the pleading and filed a First Amended Complaint, i.e., their third pleading.

This Court then dismissed Mr. Nichols' personal trademark claim as a matter of law, leaving only the copyright claim (and counterclaims that Club Action asserted when it answered).

Now, as discussed above, Club Action has found that the copyright claim rests on assertions that Three Eagles Music surely knew were untrue.[1]

The time has come to mark *finis* to Mr. Nichols' effort to use federal IP laws to censor political expression.  To that end, if the Court otherwise is prepared to enter final judgment of

---

[1] There is no need to decide why plaintiffs chose to proceed in the name of a non-entity.  Club Action notes, however, that historical documents on file with the Copyright Office make the position of Roger Nichols, Inc., unclear.

3

dismissal, Club Action will withdraw its counterclaims, retaining only a possible post-judgment motion for legal fees and expenses.  Club Action respectfully moves for such a final judgment.

                                              Respectfully submitted,

June 20, 2017                             /s/ Thomas W. Kirby
                                             Thomas W. Kirby (D.C. Bar No. 915231)
                                             Carol A. Laham (D.C. Bar No. 415171)
                                             WILEY REIN LLP
                                             1776 K Street NW
                                             Washington, DC 20006
                                             Tel.: 202.719.7000
                                             tkirby@wileyrein.com
                                             Fax: 202.719.7049

                                             *Counsel for Club for Growth Action*