**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ROGER NICHOLS, *et al*.,** | |
| **Plaintiffs,** | |
| **v.** | **Civil Action No. 16-220 (RMC)** |
| **CLUB FOR GROWTH ACTION,** | |
| **Defendant.** | |

**MEMORANDUM OPINION**

Roger Nichols, an individual, and Three Eagles Music, said to be a division of Roger Nichols Music, Inc., sued Club for Growth Action, alleging that the Club's advertisement violated copyrights held by Three Eagles Music and Mr. Nichols' personal rights under trademark law. The Court granted in part and denied in part Club for Growth Action's Motion to Dismiss and dismissed Mr. Nichols' trademark claim. Before completing discovery, Club for Growth Action chose to move for summary judgment arguing that Three Eagles Music does not own the copyright at issue. Plaintiffs responded by requesting leave to file a second amended complaint to clarify the ownership of the relevant copyright. The motion for summary judgment will be denied and the motion for leave to amend will be granted.

**I. FACTS**

Mr. Nichols composed both the lyrics and music of the song *Times of Your Life*. *Times of Your Life* was first recorded in 1975 by Paul Anka. The Complaint alleges that Three Eagles Music (TEM) is a division of Roger Nichols Music, Inc. (RNMI) and the owner of the copyrights to both the musical composition and lyrics of *Times of Your Life*. The registration numbers of the two copyrights are EU529514 and EU599114.

Club for Growth Action (Club for Growth) is a conservative political action organization that raises funds and creates advertisements to promote candidates for public office. In 2015, Club for Growth created two 30-second commercials focused on challenging former Wisconsin Senator Russ Feingold's attempt to regain his Senate seat. One commercial featured *Times of Your Life* (the Ad). The Ad altered a majority of the lyrics, but did not alter any of the musical composition for the portion of the song used in the commercial. The commercial was available on the Internet and aired on television in Wisconsin. "At no time has the Club obtained, or attempted to obtain, a license, authorization, or other permission from Three Eagles Music to use or exploit *Times of Your Life* . . . . Nor did [Mr.] Nichols consent to allow it to capitalize on his reputation as a songwriter for the purpose of promoting its political agenda." First Am. Compl. (FAC) [Dkt. 9] ¶ 22.

Plaintiffs first filed suit in federal court in California. Because Plaintiffs are Oregon residents, Club for Growth resides in Washington, D.C., and the Ad was aimed at a Wisconsin political campaign, Club for Growth moved to dismiss for lack of personal jurisdiction and other pleading failures. Plaintiffs took a voluntary dismissal of their California complaint and filed a similar complaint in the District Court for the District of Columbia. *See* Compl. [Dkt. 1]. Club for Growth moved to dismiss and Plaintiffs filed an Amended Complaint on April 29, 2016. *See* FAC.

Club for Growth again moved to dismiss for failure to state a claim and because Plaintiffs' First Amended Complaint alleged facts demonstrating that the Ad was fair use. *See* Mot. to Dismiss [Dkt. 10]. The Court granted the motion in part, dismissing the trademark claim. *See* Mem. Op. [Dkt. 23]; Order [Dkt. 24]. Thereafter, the parties entered discovery and almost immediately Club for Growth filed its motion for summary dismissal arguing that the

infringement claim by TEM should be dismissed because TEM lacks standing to sue. *See* Mot. for Summ. Dismissal of Copyright Claim and Entry of Final J. Against Pls. (Mot.) [Dkt. 33].[1] Club for Growth had researched the corporate structure of RNMI and TEM and discovered that TEM is not an incorporated division of RNMI as described by the Plaintiffs in all previous versions of the Complaint. *See* FAC ¶ 7.

Plaintiffs responded with a joint opposition and motion for leave to file a second amended complaint, which would ostensibly correct the facts about TEM's ability to sue. Pls.' Opp'n to Def.'s Mot. for Summ. Dismissal of Pls.' Copyright Claim and Entry of Final J. Against Pls., or in the Alt., for Leave to Amend the First Am. Compl. (Opp'n) [Dkt. 35]. On June 27, 2017, before this filing, Plaintiffs updated the State of Oregon corporation information for RNMI, indicating that TEM is an assumed business name for RNMI. *See* Declaration of Roger Nichols (Nichols Decl.), Ex. B [Dkt. 35-3]. Club for Growth filed a joint reply and opposition to the motion to amend. Consol. Reply to Opp'n to Summ. Dismissal and Opp'n to Cross Mot. to Amend (Club Reply) [Dkt. 38]; *see also* Declaration of Lincoln D. Bandlow, Ex. C, Second Amended Complaint (SAC) [Dkt. 35-2]. Plaintiffs filed a reply in support of the motion to amend. Pls.' Reply Brief in Supp. of Their Cross-Mot. for Leave to Amend the First Am. Compl. (Pls.' Reply) [Dkt. 40]. The motions are ripe.

## II. LEGAL STANDARD

### A. Leave to Amend a Complaint – Fed. R. Civ. P. 15

Rule 15 of the Federal Rules of Civil Procedure governs the filing of amended pleadings, such as a complaint, after a responsive pleading has been filed. *See* Answer [Dkt. 25].

---

[1] Although Club for Growth's motion is titled a Motion for Summary Dismissal, the motion itself and all related briefing discusses summary judgment. Therefore, the Court will treat it as a motion for summary judgment.

As relevant here, it specifies that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The grant or denial of leave lies in the sound discretion of the district court. *See Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). A court may deny leave to amend with sufficient reason, such as futility of amendment, undue delay, bad faith, dilatory motive, undue prejudice, or repeated failure to cure deficiencies by previous amendments. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

**B. Motion for Summary Judgment – Fed. R. Civ. P. 56**

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Moreover, summary judgment is properly granted against a party who, "after adequate time for discovery and upon motion, . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true. *Anderson*, 477 U.S. at 255. A nonmoving party, however, must establish more than "[t]he mere existence of a scintilla of evidence" in support of its position. *Id.* at 252. In addition, the nonmoving party may not rely solely on allegations or conclusory statements. *Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999). Rather, the nonmoving party must present specific facts that would enable a reasonable jury to find in its favor. *Id*. If the evidence "is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted). On summary judgment, the district judge must

decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52.

## III. ANALYSIS

### A. Motion to Amend

Plaintiffs move for leave to file a Second Amended Complaint which states that TEM is the assumed business name of RNMI and, therefore, properly owns the copyrights for the lyrics and musical composition of *Times of Your Life* and has the capacity to sue for copyright infringement. Plaintiffs argue that they honestly believed TEM was an incorporated division of RNMI and that Club for Growth is not prejudiced by the amendment. Opp'n at 7-8.

Club for Growth argues that Plaintiffs should not be granted leave to further amend the complaint because this amendment would be its fourth opportunity to draft an adequate complaint and there is no good-faith reason why Mr. Nichols, co-Plaintiff and sole owner of TEM, did not know its incorporated status. Because Plaintiffs failed to make a reasonable inquiry into the corporate status of TEM before filing any of the previous three complaints, Club for Growth argues they should not be permitted to make a fourth attempt. Club Reply at 2.

Leave to amend should be freely given when justice so requires "[i]n the absence of any apparent or declared reason" not to, which might include "undue delay, bad faith . . . , repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , [or] futility of amendment." *Foman*, 371 U.S. at 182. A district court has broad discretion in interpreting and applying the *Foman* standard. While plaintiffs are not allotted unlimited attempts to plead a claim for which relief may be granted, where the defendant is not prejudiced courts freely grant leave to amend. *See, e.g.*, *Walsh v. Ford Motor Co.*, No. 81-1998, 1983 WL 1894, at *4-5 (D.D.C. Oct. 28, 1983) (denying leave to amend for a third time

because it would unduly prejudice the defendant). Although Plaintiffs were the party most likely to know the facts and realize the error in their pleadings and should have investigated the corporate structure of TEM and RNMI when drafting the initial complaint, Club for Growth is not prejudiced by the amendment. Discovery has just begun and the clarification of the legal structure of TEM and RNMI does not alter the underlying claims.

Club for Growth also argues that an amendment is futile and will not cure the defect in the pleading because TEM was not the legal owner of the copyright at the time of the alleged infringement. A court may deny a motion to amend based on futility "where the proposed pleading would not survive a motion to dismiss." *In re Interbank Funding Corp. Sec. Litig.*, 629 F.3d 213, 215 (D.C. Cir. 2010). A review for futility is "identical to review of a Rule 12(b)(6) dismissal based on the allegations in the amended complaint." *Id.* at 215-16. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Though "detailed factual allegations" are not required, the complaint must contain "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

"A plaintiff seeking to establish copyright infringement must prove '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *Stenograph LLC v. Bossard Assoc., Inc.*, 144 F.3d 96, 99 (D.C. Cir. 1998) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991)). Club for Growth

argues that the proposed Second Amended Complaint does not allege sufficient facts to show ownership. The Court disagrees. Plaintiffs First Amended Complaint and the proposed Second Amended Complaint both contain sufficient factual information to allege ownership of a valid copyright. Both include registration numbers for the two copyrights at issue and indicate that TEM is the registered owner or was assigned the ownership at a later date. *See* FAC ¶ 12; SAC ¶ 12.

Club for Growth's citation to the Federal Circuit's decision in *Lans v. Digital Equip. Corp.*, 252 F.3d 1320, 1328 (Fed. Cir. 2001) does not change this analysis. Mr. Lans brought a patent infringement lawsuit against Digital Equipment Corp., arguing that despite being notified of a valid patent in accord with 35 U.S.C. § 287(a), the defendant continued to infringe. The notifications required by § 287(a) were made by Mr. Lans personally and indicated that he was the patent holder; however, Mr. Lans had previously assigned the patent to his corporation, Uniboard. The Federal Circuit found that amending the complaint to indicate that Uniboard was the actual owner of the patent failed to cure the pleading defects because the notices required under § 287(a) were still insufficient "because they did not come from the patentee." *Id*. at 1326. The case at hand is distinguishable. The First Amended Complaint and proposed Second Amended Complaint each provides sufficient allegations about the ownership of the copyright. There is no additional requirement, as with the statutory notices in *Lans*, that Plaintiffs have failed to allege.

Although the allegations in the complaint are sufficient to withstand a motion to dismiss and permit a motion to amend, a number of legal questions remain to be addressed at summary judgment. These questions include, but are not limited to: (1) whether the transfer of the copyrights to TEM was legally sound because TEM was not an incorporated division of

RNMI; (2) whether TEM has always been the assumed business name of RNMI; (3) how an assumed business name is determined; and (4) whether a corporation can sue under an assumed business name. While Plaintiffs may not ultimately survive summary judgment because of these and other legal questions, the proposed Second Amended Complaint is not itself futile and the Court will grant leave to amend.

**B. Summary Judgment**

Club for Growth moves for summary dismissal, or summary judgment, of the remaining claim because the undisputed facts show that TEM is an unincorporated division of RNMI and unincorporated divisions cannot own their own assets and lack the capacity to sue or be sued. Mot. at 2; *see also Smartdoor Holdings, Inc. v. Edmit Indus., Inc.*, 78 F. Supp. 3d 275, 277 (D.D.C. 2015); *EEOC v. St. Francis Xavier Parochial Sch.*, 77 F. Supp. 2d 71, 73 (D.D.C. 1999) (noting that "defendants are not proper parties to the lawsuit because case law reflects that unincorporated divisions of a corporation lack the capacity to sue or be sued"). Club for Growth stresses that the First Amended Complaint brings the infringement claim on behalf of TEM and the Trademark Claim on behalf of Roger Nichols. Therefore, if TEM lacks the capacity to own assets, such as a copyright, or to sue, the copyright infringement claim must fail. *See St. Francis*, 77 F. Supp. 2d at 77 (an unincorporated "division does not independently own any assets").

Plaintiffs respond that the facts surrounding TEM's corporate status and ability to own the copyrights are disputed and, therefore, summary judgment is inappropriate. *See* Opp'n at 4. Plaintiffs argue that because TEM is the assumed business name of RNMI, it owns the copyright and can sue for copyright infringement. Plaintiffs also argue that Roger Nichols himself has standing to sue for copyright infringement as the beneficial owner of the musical

composition and lyrics, and therefore, even if the transfers of the copyrights to TEM were invalid, Mr. Nichols' individual ability to sue is still intact.[2] *Id*. at 5-7.

To grant summary judgment, the Court must find that there is no dispute of material fact. *See Anderson*, 477 U.S. at 247. While Club for Growth may ultimately succeed at summary judgment if TEM is not the legal owner of either relevant copyright, the record is not clear or complete at this stage. Both parties attempt to make complicated arguments about the legal status of Roger Nichols' corporation, but at this early stage in discovery, factual gaps still exist and it is not possible to decide. The undisputed record indicates that TEM was never a separate incorporated division of RNMI. It also contains signed certificates of assignment indicating that the copyrights for the lyrics and musical composition of *Times of Your Life* were transferred to TEM. *See* Declaration of Roger Nichols, Exs. E & G [Dkt. 35-3]. Plaintiffs argue that the undisputed facts also show that TEM is the assumed business name of RNMI and official notice of that fact was filed in July 2017. Club for Growth argues that the undisputed facts show that TEM is, and was at the time the copyrights were assigned, an unincorporated division of RNMI and, therefore, the assignments were not proper, TEM does not own the copyrights, and TEM lacks capacity to sue for infringement. More than the current record is needed.

[2] Club for Growth argues that Mr. Nichols himself has no standing to sue on behalf of TEM or RNMI because "absent a direct individual injury, the president and principal shareholder of a corporation lacks standing to sue for an injury to the corporation." *Meade v. Kiddie Acad. Domestic Franchising, LLC*, 501 F. App'x 106, 108 (3d Cir. 2012); *see also Jones v. Niagara Frontier Transp. Auth.*, 836 F.2d 731, 736 (2d Cir. 1987) (explaining that, even though the plaintiff shareholder may have faced the risk of financial loss as a result of injuries to the corporation, "[a] shareholder—even the sole shareholder—does not have standing to assert claims alleging wrongs to the corporation"). The Court agrees that each version of the complaint clearly separated the causes of action: copyright infringement brought by TEM and trademark infringement brought by Mr. Nichols. The Court will not now interpret the copyright claim as a joint claim.

Courts are "hesitant to allow an outside infringer to challenge the timing or technicalities of the copyright transfer," when an adequate writing cures an earlier insufficient transfer. *Lyrick Studios, Inc. v. Big Idea Prods., Inc.*, 420 F.3d 388, 392 (5th Cir. 2005). Such might be the case here if the original transfer to TEM were insufficient because it was an unincorporated division of RNMI and could not hold its own assets, but a later writing, such as the notice of assumed business name, could cure an insufficient transfer. Because the record is insufficient to reach or decide this combined factual and legal question, Club for Growth's motion for summary judgment will be denied without prejudice.

## IV. CONCLUSION

For the reasons discussed above, Defendant's Motion for Summary Dismissal, Dkt. 33, will be denied without prejudice and Plaintiffs' Motion for Leave to Amend the Complaint, Dkt. 36, will be granted. A memorializing order accompanies this opinion.

Date: October 25, 2017

/s/
ROSEMARY M. COLLYER
United States District Judge